IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3104-FL

FREDDIE TAYLOR,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )                    ORDER
                                         )
SHERIFF ENNIS WRIGHT, MAJOR              )
ADAMS, SGT. THOMPSON, LT.                )
WILSON, OFFICER G. GRAY, SGT.            )
MORRISON, SGT. SMITH, OFFICER            )
HOLLAND, LT. MIDDLETON, SGT.             )
WEEKS, OFFICER PATTERSON,                )
SGT. THOMAS, SGT. GORDON, and            )
LT. B. SMITH,                            )
                                         )
                Defendants.              )

This matter is before the court on plaintiff's motion for reconsideration (DE 23) of the court's August 12, 2022, order. The August 12 order dismissed this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court construes plaintiff's motion for reconsideration as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The United States Court of Appeals for the Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d

634, 637 (4th Cir. 2007); <u>Bogart</u>, 396 F.3d at 555; <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993). "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." <u>Zinkand</u>, 478 F.3d at 637.

Plaintiff has failed to establish grounds for revisiting the order dismissing this action. Plaintiff first argues that his complaint should not have been subject to initial review under 28 U.S.C. § 1915(e)(2)(B) because he was not a prisoner at the time he filed the complaint. However, initial review under § 1915(e)(2)(B) applies to all suits filed by plaintiffs proceeding in forma pauperis, regardless of whether the plaintiff qualifies as a "prisoner" under the statute. <u>See</u> 28 U.S.C. § 1915(a), (e). Because plaintiff was allowed to proceed in forma pauperis, (<u>see</u> DE 9), the court properly conducted initial review under § 1915(e).

Plaintiff also argues that the court's determination that he failed to state a claim upon which relief can be granted was erroneous. In particular, plaintiff argues that <u>Wolff v. McDonnell</u>, 418 U.S. 539, (1974) does not apply to his case because he was a pretrial detainee at the time of the alleged constitutional violations. Contrary to plaintiff's argument, the United States Court of Appeals for the Fourth Circuit has applied <u>Wolff</u>'s due process requirements to pretrial detainees. <u>See</u> <u>Dilworth v. Adams</u>, 841 F.3d 246, 253–55 (4th Cir. 2016). And while plaintiff correctly notes that <u>Bell v. Wolfish</u> addresses important distinctions between claims by pretrial detainees and convicted inmates, <u>Bell</u> also held that pretrial detainees "retain at least those constitutional rights that [the Supreme Court has] held are enjoyed by convicted prisoners." 441 U.S. 520, 545 (1979). Thus, as a constitutional floor, plaintiff was entitled to at least the same due process protections delineated in <u>Wolff</u> because he was a pretrial detainee at the time of the alleged constitutional

2

violations.  See id.  And as explained in the August 12 order, plaintiff did not allege defendants failed to provide these protections.

Finally, while it is true that plaintiff cannot be subject to "punishment" as a pretrial detainee, that principle applies only to whether the disciplinary measures taken "implicate[] a protected liberty interest and thus warrant[] procedural safeguards."  Dilworth, 841 F.3d at 251. In addition to alleging a protected liberty interest, plaintiff separately must allege that defendants failed to afford him the appropriate procedural protections mandated by the Fourteenth Amendment, as defined in Wolff.  See id. at 250–51, 253–55.

Based on the foregoing, plaintiff's motion for reconsideration (DE 23), construed as a motion to alter or amend the judgment under Rule 59(e), is DENIED.

SO ORDERED, this the 30th day of January, 2023.


_____
LOUISE W. FLANAGAN
United States District Judge

3